IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RESEARCH & PROFESSIONAL SERVICES,<br><br>Plaintiff,<br><br>v.<br><br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-1232C<br>(Judge Lettow) |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

The allegations contained in plaintiff's introduction constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required.

1. The allegations contained in paragraph 1 constitute legal conclusions and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute legal conclusions and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. Admits the allegation contained in the second sentence of paragraph 3 that RPS was a section 8(a) company at the time of contract performance. Denies the remaining allegations contained in the paragraph 3 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

4. The allegations contained in paragraph 4 constitute legal conclusions and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 constitute legal conclusions and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. Denies the allegation contained in the first sentence of paragraph 6 that RPS negotiated a contract with NASA in late 1992. Avers that RPS negotiated a contract with NASA in early 1993. Admits the remaining allegations contained in paragraph 6.

7. Denies the allegations contained in the first sentence of paragraph 7. Admits the allegations contained the second and third sentences of in paragraph 7 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 7.

8. Denies.

9. Admits the allegations contained in paragraph 9 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained paragraph 9.

10. Denies.

11. Denies.

12. Admits the allegations contained in paragraph 12 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise, denies the allegations contained paragraph 12.

13. Denies the allegations contained in the first and third sentences of paragraph 13 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted. Denies the allegations contained in the second sentence of paragraph 13.

14. Denies the allegations contained in the first sentence of paragraph 14. Admits the allegations contained in the second through fifth sentences of paragraph 14 to the extent supported by the modifications and task orders cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the second through fifth sentences of paragraph 14 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

15. Denies the allegation contained in the first sentence of paragraph 15. Aver that the work was timely completed. Denies the allegations contained in the second sentence of paragraph 15 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted. Admits the allegations contained in the third sentence of paragraph 15 to the extent supported by the August 23, 1996 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the third sentence of paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the August 23, 1996 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 16.

17. Admits the allegations contained in the first sentence of paragraph 17. Admits the allegations contained in the second sentence of paragraph 17 to the extent supported by the voucher and related closing documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the second sentence of paragraph 17. Denies the

allegations contained in the third sentence of paragraph 17 to the extent that RPS implies that the alleged cost overruns are recoverable pursuant to the contract; otherwise admits the allegations to the extent supported by the voucher and related closing documents cited, which are the best evidence of their contents. Admits the allegations contained in the fourth sentence of paragraph 17 to the extent supported by the DCAA audit cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the certified claim and correspondence cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by the contracting officer's final decision cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 19.

20. Defendant's responses to paragraphs 1 through 19 of the complaint are incorporated by reference.

21. Denies.

22. Denies the allegations contained in the first and second sentences of paragraph 22 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted. Denies the allegations contained in the third sentence of paragraph 22.

23. Denies.

24. Defendant's responses to paragraphs 1 through 23 of the complaint are incorporated by reference.

25. Denies.

26. Admits the allegations contained in the first through fourth and sixth sentences of paragraph 26 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 26. Denied the allegations contained in the fifth sentence of paragraph 26.

27. Denies.

28. Defendant's responses to paragraphs 1 through 27 of the complaint are incorporated by reference.

29. Admits the allegations contained in paragraph 29 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 29.

30. Denies.

31. Denies.

32. Denies the allegations contained in the first and second sentences of paragraph 32. Avers that NASA reduced the minimum direct labor hours pursuant to the level of effort clause of the contract and that RPS did not notify NASA concerning increased indirect costs in the time period required by the changes clause of the contract. The allegations contained in third sentence of paragraph 32 constitute legal conclusions and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the fourth and fifth sentences of paragraph 32.

33. Denies.

34. Denies. Avers that the contracting officer determined that RPS is due $2,101.96 for incurred costs and an equitable adjustment of $14,150.31.

35. Denies that plaintiff is entitled to any relief in addition to the amounts already determined by the contracting officer. Further denies that plaintiff is entitled to the relief requested in the "Wherefore" clause of its complaint or to any additional relief whatsoever.

36. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, the Government requests that the complaint be dismissed with prejudice and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/James M. Kinsella by Kathryn A. Bleecker
JAMES M. KINSELLA
Deputy Director

s/Thomas B. Fatouros
THOMAS B. FATOUROS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 307-5958
Fax: (202) 305-2118
Attorneys for Defendant

OF COUNSEL:
MARLA HARRINGTON
Attorney
NASA-Goddard Space Flight Center
Greenbelt, MD 20771

September 28, 2004