IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RESEARCH & PROFESSIONAL SERVICES, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-1232C (Judge Lettow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), Appendix A, the parties submit this Joint Preliminary Status Report.

a. Does the Court have jurisdiction over the action?

Plaintiff believes that the Court possesses jurisdiction to entertain this suit pursuant to the Contract Disputes Act, 41 U.S.C. § 601 et seq. ("CDA"), and 28 U.S.C. § 1491(a)(1). Defendant is currently unaware of any impediment to the Court's jurisdiction.

b. Should the case be consolidated with any other case and the reasons therefor?

The case should not be consolidated with any other case. There are no related cases.

c. Should the trial of liability and damages be bifurcated and the reasons therefor?

The trial of liability and damages should not be bifurcated.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal and the reasons therefor?

The parties agree that it is not necessary to defer proceedings of this case pending the disposition of any other case.

e. Will a remand or suspension be sought and the reasons therefor and the proposed duration?

A remand or suspension will not be sought.

f. Will additional parties be joined?

Additional parties will not be joined.

g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is a proposed schedule for the intended filing?

The parties may file dispositive motions in this case. A proposed schedule for the filing of dispositive motions is included in the parties' Discovery Plan included herein.

h. What are the relevant factual and legal issues?

Whether NASA breached or caused a constructive change to the contract based upon the manner in which NASA administered its contract with RPS, including the amount of services ordered, that resulted in recoverable indirect cost overruns by RPS.

i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties have conferred concerning both of these topics and have agreed to exchange documents at the outset of this matter and to make reasonable efforts to settle the matter at an early juncture. If that effort is not successful, the parties agree to discuss the possibility of utilizing the procedures for alternative dispute resolution set forth in Appendix H of the RCFC.

j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?

The parties anticipate proceeding to trial, do not request an expedited trial scheduling, and request that a trial of this action take place in Washington, D.C.

k. Are there special issues regarding electronic case management needs?

There are no special issues regarding electronic case management needs

l. Is there other information of which the Court should be aware at this time?

There is no other information of which the Court should be aware at this time.

Discovery Plan:

1. The parties propose December 18, 2004, as the deadline to exchange initial disclosures;
2. The parties propose March 18, 2005, as the deadline for initial document fact discovery;
3. The parties propose to meet in March, 2005, to discuss the possibility of settlement and the possibility of utilizing ADR procedures.
4. The parties propose April 30, 2005, as the deadline for the disclosure of expert reports;
5. The parties propose June 10, 2005, as the deadline to notice depositions;
6. The parties propose that discovery will be completed on or before July 31, 2005;
7. The parties propose that dispositive motions, if any, shall be filed no later than August 31, 2005;
8. The parties believe that a pre-trial conference may be scheduled in September, 2005;

The parties believe this discovery plan will allow sufficient time to conduct orderly discovery and to explore settlement negotiations and/or alternative dispute resolution if appropriate.

Respectfully submitted,

For Plaintiff:

s/Brian W. Craver
BRIAN W. CRAVER
PERSON & CRAVER LLP
1801 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 466-4434
Fax: (202) 466-4416
Attorney for Plaintiff

For Defendant:

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/James M. Kinsella
JAMES M. KINSELLA
Deputy Director

s/Thomas B. Fatouros
THOMAS B. FATOUROS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-5958
Fax: (202) 305-2118
Attorneys for Defendant

November 18, 2004